# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| IN RE: | * | ON APPEAL FROM: |
| | * | |
| MARVIN B. SMITH, III and | * | |
| SHARON H. SMITH, | * | CASE NO. 07-20244-JSD |
| | * | (Chapter 7) |
| Debtors. | * | |
| | * | |
| MARVIN B. SMITH, III and | * | |
| SHARON H. SMITH, | * | |
| | * | |
| Appellants, | * | CV 211-057 |
| | * | |
| v. | * | |
| | * | |
| ATLANTIC SOUTHERN BANK, | * | |
| | * | |
| | * | |
| Appellee. | * | |

## ORDER

Presently before the Court is Appellants Marvin B. Smith, III, and Sharon H. Smith's ("Smiths") appeal from Bankruptcy Court Judge John S. Dalis's order Dismissing the Smiths' Adversary Proceeding against Appellee Atlantic Southern with Prejudice and Denying Sanctions. Dkt. No. 1-1. For the reasons stated below, the Bankruptcy Court's order is **AFFIRMED**.

## BACKGROUND

The Smiths are a retired couple whose livelihood once consisted of the buying and reselling of residential properties.

1

Due to the real estate market's decline, the Smiths were left holding properties they were unable to sell, and with promissory notes they were unable to pay. This set of circumstances resulted in the Smiths filing of a chapter 11 case on April 2, 2007, and the conversion of the case under chapter 7 on May 8, 2008. The Smiths' dispute with Atlantic Southern Bank[1] concerns the real property identified as Cottage 526, 24th Street, Sea Island, Georgia ("Sea Island Cottage"). The Smiths' have pled, but refused to prosecute this claim concerning the Sea Island Cottage in a total of three adversary proceedings over multiple years. For some unknown reason, the Smiths have been unwilling to prosecute their claim against Atlantic Southern Bank as an adversary proceeding, as is required under Rule 7001.

The factual and procedural background that has led to this appeal is extensive, and is thoroughly set forth in Judge Dalis's Order dismissing the Smiths' adversary proceeding and denying sanctions. Dkt. No. 1-1 at 2-17. To summarize Judge Dalis's Order (Dkt. No. 1-1) and the lengthy record before the Court, this case involves a multi-year process involving three adversary proceedings,[2] a voluminous number of improper motions

---

[1] The Federal Deposit Insurance Corporation is now the Receiver for Atlantic Southern Bank. Dkt. No. 18.

[2] The first Adversary Proceeding (No. 08-02018) was initiated by Atlantic Southern Bank on August 28, 2008. On November 25, 2008 the Smiths Amended their Counterclaim to include a claim regarding the Sea Island Cottage. This Amended Counterclaim was followed by numerous motions filed by the Smiths and repeated requests for extensions of time. After these extensive filings, the Smiths moved to voluntarily dismiss the counterclaim on June 11, 2009. The

2

and wholly frivolous appeals filed by the Smiths, as well as a complete refusal by the Smiths to comply with Rules of Bankruptcy or the Orders of Judge Dalis.

**STANDARD OF REVIEW**

A district court reviewing the decision of a bankruptcy court functions as an appellate court. In re Sublett, 895 F.2d 1381, 1383-84 (11th Cir. 1990). A district court reviews a bankruptcy court's legal conclusions *de novo*, In re New Power Co., 438 F.3d 1113, 1117 (11th Cir. 2006), and factual findings for clear error. In re Gamble, 168 F.3d 442, 444 (11th Cir. 1999).

---

next two adversary proceedings (No. 09-02041 and No. 09-02033) followed shortly thereafter. Beginning on July 6, 2009, the Smiths filed a barrage of motions in the underlying bankruptcy case related to the claim set forth in the Amended Counterclaim. None of the motions could be adjudicated as contested matters, because the relief the Smiths repeatedly sought—damages for stay violation and determination of an interest in real property—is available only through the filing of an adversary proceeding. Because the motions could not be adjudicated as contested matters within the bankruptcy case, Judge Dalis ordered the opening of two adversary proceedings in which the incorrectly filed motions and other papers would be redocketed as complaints and amendments to the complaints, along with any responses that Atlantic Southern had already filed. In Judge Dalis's Orders opening these two adversary proceeding the Clerk of Court was ordered to issue summons so that the Smiths could perfect service under Rule 7004 of the Bankruptcy Rules. Accordingly, adversary proceeding number 09-02041 was opened as Smith v. Sapelo Southern Bank & Atlantic Southern Bank and adversary proceeding number 09-02033 was opened as Smith v. Atlantic Southern Bank. The Smiths refused to prosecute either of the adversary proceedings. Instead of prosecuting the adversary proceedings, the Smiths appealed to the district court from the orders related to the opening of the adversary proceedings, as well as from an order striking a motion that could not be considered as filed. After being denied on appeal by this Court and the Eleventh Circuit, the Bankruptcy Clerk's office issued summons for the third time in the Atlantic Southern adversary proceeding. One week later, on December 15, 2010, the Smiths moved for voluntary dismissal without prejudice.

**DISCUSSION**

Rule 41 of the Federal Rules of Civil Procedure, made applicable in bankruptcy by Rule 7041 of the Bankruptcy Rules, provides in relevant part as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Local Rules of the United States District Court for the Southern District of Georgia, applicable in bankruptcy cases and proceedings, also provide for dismissal with prejudice for want of prosecution and for "willful disobedience or neglect of any order of the Court." S.D. Ga. Civ. R. 41.1.

In the Eleventh Circuit, the standard for dismissal with prejudice under Rule 41(b) is "whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotation marks omitted). Dismissal with prejudice is "a sanction of last resort, applicable only in extreme circumstances." Id. In this circuit, courts are to use a two-part analysis for determining when an action should be dismissed as a sanction under Rule 41(b): there must be both a clear record of willful conduct and a finding that lesser

4

sanctions are inadequate. Baltimore v. Jim Burke Motors, Auto., 300 F. App'x 703, 707 (11th Cir. 2008). In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation. Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006).

Judge Dalis's Order articulated five grounds as to why dismissal with prejudice was warranted. This Court is in complete agreement with the Bankruptcy Court, as there is a clear record of willful conduct by the Smiths in that they have repeatedly and blatantly failed to follow the orders of the Bankruptcy Court, and it is quite apparent that lesser sanctions would not suffice. The Court also agrees that the Bankruptcy Court was proper in exercising its inherent authority in this regard, as it had the authority to enforce its orders and provide for the efficient disposition of litigation.

1. Failure to Prosecute

Many years have passed since the Smiths first alleged the current claim against Atlantic Southern Bank. Since November 25, 2008, the date of the Amended Counterclaim, the Smiths have filed a myriad of improper motions and three frivolous appeals. During this time, the Smiths have steadfastly refused to prosecute this claim in compliance with the Judge Dalis's Orders and in the only way the Bankruptcy rules allow: through an

adversary proceeding as provided under Rule 7001. This conduct amounts to a want of prosecution. See Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983) (noting that "[t]he court was entitled to consider, however, the long pattern of conduct which amounted to want of prosecution and several failures by plaintiffs to obey court rules and orders").

Additionally, dismissal with prejudice may be based on the plaintiff's unreasonable delay in serving summons. Arundar v. Staff Builders Temp. Pers., Inc., 92 F.R.D. 770, 771 (N.D. Ga. 1982). Here, the Smiths have refused to serve summons that was issued and reissued a total of three times over a period of eighteen months in the Atlantic Southern Adversary Proceeding.

2. Willful Disregard of Court Orders

The record also reveals that the Smiths have repeatedly and brazenly disregarded Judge Dalis's Orders. The Smiths have simply refused to comply with Bankruptcy Rule 7001 as Judge Dalis ordered that they do. When Judge Dalis ordered that the Sapelo Southern Adversary Proceeding opened, the Smiths refused to cure a filing defect so that summons could be issued. When Judge Dalis ordered the Atlantic Southern Adversary Proceeding opened, the Smiths refused for eighteen months to serve summons. Additionally, for one full year of that time, the Smiths in effect prevented reissuance of summons by the filing of frivolous appeals. The Smiths have engaged in a pattern of delay

AO 72A
(Rev. 8/82)

and deliberately refused to comply with the Bankruptcy Court's directions, and therefore, dismissal is warranted. Goforth, 766 F.2d at 1535.

### 3. Legitimacy of the Excuse

The Court also agrees that the excuse offered by the Smiths for failing to prosecute their claim is without merit. The Smiths have simply offered no valid legitimate reason for their failure to proceed or for their failure to comply with Judge Dalis's Orders.

### 4. Prejudice Suffered by Atlantic Southern

As noted by the Bankruptcy Court, dismissal under Rule 41(b) can also be warranted when the defendant has suffered prejudice as a result of the plaintiff's conduct. Direct Media Corp. v. Camden Tel. & Tel. Co., 989 F. Supp. 1211, 1220 (S.D. Ga. 1997). Here, Atlantic Southern Bank, and now the FDIC, has been required for multiple years to defend the Amended Counterclaim, the Atlantic Southern Adversary Proceeding, a score of motions in the underlying case, and three frivolous appeals. The Smiths' actions in this matter have undoubtedly prejudiced their counterparts.

### 5. Prejudice to the Operations of the Court

The purpose of Rule 41(b) is to "allow[ ] the Court to manage its docket, enforce its orders, and effectuate the prompt resolution of litigation." Direct Media Corp., 989 F. Supp. at

7

1220. The Bankruptcy Court has been forced to expend hundreds of hours to correctly redocket, substantively address, set for hearing, and otherwise manage the huge volume of papers the Smiths have filed over the years of their refusal to prosecute this claim as the Bankruptcy Rules require.

This disproportionate expenditure of judicial resources has met its limit and will no longer be tolerated in light of the Smiths' continued indifference for the requirements of the Bankruptcy Rules and of the orders issued by Judge Dalis. Therefore, the Bankruptcy Court was proper in issuing the dismissal with prejudice, as it was entitled manage its docket, enforce its orders, and effectuate the prompt resolution of the litigation.

In sum, the Court is in full agreement with the Bankruptcy Court that dismissal with prejudice was warranted in this case, and that no lesser sanction would suffice. The Smiths' simply cannot be allowed to persist in this manner. Further, the Smiths' arguments set forth in their Appellant Brief fail to address the substance of the Judge Dalis's Order. Rather, the brief consists of a rehash of arguments set forth at various times by the Smiths completely unrelated to the order of dismissal. These arguments in no way respond to the order's rationale for dismissing the adversarial proceeding, or explain

AO 72A
(Rev. 8/82)

the Smiths' failure to proceed in compliance with Rule 7001 as it was repeatedly ordered to do.[3]

**CONCLUSION**

For the reasons set forth above, the Bankruptcy Court's order is **AFFIRMED**. All other pending motions are **DENIED** as **MOOT**. Dkt. Nos. 14, 17, 21, 23, & 26. The Clerk of Court is instructed to close the case and enter an appropriate judgment.

**SO ORDERED**, this 3rd day of May, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court requested supplemental briefing to determine whether the holding in Stern v. Marshall, 131 S.Ct. 2594 (2011) deprived the Bankruptcy Court of constitutional authority to issue the order under appeal. This briefing illustrates that the present case is not affected by the explicitly "narrow" holding in Stern. Id. at 2618. Accordingly, the Bankruptcy Court had the statutory and constitutional authority to enter the order now on appeal.